IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 9, 2007 Session

**HELEN M. BORNER, ET AL. v. DANNY R. AUTRY**

**A Direct Appeal from the Circuit Court for Madison County
No. C-04-502     The Honorable Donald Allen, Judge**

_____

**No. W2007-00731-COA-R9-CV**

_____

**SEPARATE CONCURRENCE  - Filed December 13, 2007**

_____

HOLLY M. KIRBY, J., concurring separately:

I concur fully with the result reached by the majority in this case. Respectfully, I file this separate concurrence in order to state my disagreement with dicta in the majority opinion.

In this case, the plaintiffs each attached medical bills which were redacted to remove charges, so that the total charges in the attached bills were less than the $4,000.00 statutory limit. The majority holds that redacting bills in order to make them fit under the $4,000.00 statutory limit is not permitted, and that the plaintiffs were therefore required to present expert medical proof regarding the reasonableness and necessity of those charges. I agree.

The majority, however, uses language broad enough to be interpreted to extend beyond the narrow issue in this case. The language used by the majority appears to indicate that, to fit under the statutory limit, the total of *all* medical charges incurred by a plaintiff must not exceed $4,000.00, regardless of whether the bills are attached to the complaint or civil warrant. This could be interpreted to mean that, should a defendant conduct discovery and find medical bills from providers such as chiropractors, physical therapists and the like, which were not attached to the complaint or the civil warrant, and the total of these bills along with those attached to the complaint exceeded $4,000.00, the plaintiff would be required to submit expert proof of reasonableness and necessity. Indeed, the language used by the majority does not even limit the bills to be totaled to those arising out of a single illness, disease, or injury.

The majority cites no legislative history to support this expansive interpretation. Moreover, it is not supported by the language of the statute. The majority seems to imply that the statute requires the plaintiff to attach to the complaint *all* medical bills incurred. The statute simply does not say that. It says only that the total amount of the bills which *are* attached to the complaint must not exceed $4,000.00 in order for the statutory presumption to apply. The statute provides:

(a)(1) Proof . . . that medical . . . bills were paid or incurred because of any illness, disease, or injury *may* be itemized in the complaint . . . with a copy of bills paid or incurred attached as an exhibit to the complaint . . . .  The bills itemized and attached as an exhibit shall be prima facie evidence that the bills so paid or incurred were necessary and reasonable.

\* \* \*

(3) This prima facie presumption shall apply to the medical . . . bills itemized with copies of bills attached to the complaint . . .; provided, that *the total amount of such bills* does not exceed the sum of four thousand dollars ($4,000).

Tenn. Code Ann. § 24-5-113(a)(1) and (3).

Thus, while I agree that the total of the unredacted bills attached to the complaint must not exceed $4,000.00 in order for the statutory presumption to apply, I disagree with the dicta in the majority opinion which seems to indicate that the total of all medical bills paid or incurred by the plaintiff, regardless of whether they are attached to the complaint, must not exceed $4,000.00. Therefore, I respectfully submit this separate concurrence.

_____
HOLLY M. KIRBY, J.